## NEW YORK SUPERIOR COURT.

WILLIAM CLARKE, appellant agt. CHARLES A. MEIGS, AUGUSTUS W. GREENLEAF and E. B. GREENLEAF, respondents.

In an action against stock brokers for damages in selling plaintiff's stock (purchased payable on time at his option) short of the prescribed time, and in violation of his instructions, the complaint, otherwise sufficient, need not allege a *demand* upon the defendants, and an exercise of plaintiff's option, and also a *tender* of the amount due to the defendants on the purchase of the stock. (*Reversing the decision at special term, 21 How. Pr. R.*, 187.)

*Heard General Term, June*, 1861.
*Decided July*, 13, 1861.

APPEAL from an order sustaining a demurrer to a complaint, and giving liberty to amend.

The demurrer is on the ground that the complaint does not state facts sufficient to constitute a cause of action.

The complaint alleges that the defendants, as stock brokers, purchased on account of the plaintiff, and by his order, two hundred shares of the stock of the Illinois Central Railroad Company, in November last, at sixty-one cents on the dollar of the par value of the stock. The stock was payable to the plaintiff at his option at any time within sixty days. It is alleged that the defendants, in violation of their agreement and duty as brokers, and against the express instructions of the plaintiff, sold the stock in four days after, for the price of fifty two cents on the dollar. Plaintiff also avers that on the 14th day of January last, the stock of the company had risen to seventy-seven and a half cents, and that in consequence of the act of the defend-

ants he suffered a loss of $5000, for which he brings this action. A demurrer is interposed on the ground that the complaint should have set forth a demand upon the defendants, and an exercise of the plaintiff's option, also a tender of the amount due to the defendants on the purchase of the stock. Until the plaintiff had made such demand and tender, he had no cause of action.

HYDE & SQUIRES, *for appellant.*
WHEELER & ARMSTRONG, *for respondents.*

By the court, HOFFMAN, Justice. I think the allegation in the second paragraph of the complaint admits of the construction that the purchase of the shares by the defendants, for account of the plaintiff, was consummated, and the delivery was to be by them to the plaintiff within sixty days, if he so chose. Certainly it would admit of proof to that effect.

Presumptively, the very stock thus held ought to have been kept undisposed of for sixty days. If sold, the plaintiff's security was the defendants' ability to get and to pay for other shares.

The cases referred to, such as *Horton* agt. *Morgan,* (19 *N. Y. R.,* 170,) are cases of a defence made out to a responsibility for disposing of stock, by showing the actual possession of a similar number of shares at all times when a demand could have been made. The facts made out a sufficient exemption from an apparent liability.

So the allegation of a sale may well imply a perfected sale by delivery of what was possessed; and the allegation is, that this was against express instructions.

Thus, it seems to me, the case is one of an agent, or rather a pawnee, holding specific property for a principal, partly paid for by such principal, having ostensible authority to sell it, and selling it contrary to orders, and before the period for reclaiming it has expired.

It seems to me that a cause of action is made out.

The judgment must be reversed ; and judgment for plaintiff on demurrer, without costs of the appeal, but with costs of the demurrer and proceedings thereon at special term, with leave to defendants to withdraw demurrer, and answer within twenty days, on payment of the costs of the demurrer and proceedings thereon at special term.